UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

LUIS DAVID FLECHA, JR.,

    Plaintiff,

v.

"YES CARE" HEALTHCARE SERVICE,
*et al.*,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 5:24-CV-359-GFVT-HAI

RECOMMENDED DISPOSITION

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In December 2024, *pro se* Plaintiff Luis David Flecha Jr., a federal prisoner, brought this civil-rights action against persons and entities associated with the Fayette County Detention Center.  D.E. 1.  An Amended Complaint followed (D.E. 12), and service was issued.  On September 15, 2025, the matter was referred to the undersigned "to conduct all pretrial proceedings, including overseeing the discovery process and preparing proposed findings of fact and conclusions of law on any dispositive motions."  D.E. 35.  The Court entered a scheduling order (D.E. 36), and discovery commenced.  In February 2025, with the discovery deadline almost passed, Plaintiff moved for an extension of time to conduct discovery.  D.E. 49.  In response, the Yes Care Defendants said they have produced additional records.  D.E. 52.  And the other Defendants argued that good cause has not been shown, that they had provided additional records, that Flecha had not responded to their discovery requests, and that Flecha had not served any discovery requests upon them.  D.E. 51.

Then, in March 2026, Plaintiff filed a motion for default judgment based on perceived discovery failures by the defense. D.E. 56. Shortly thereafter, Defendants filed motions for summary judgment. D.E. 56, 58. The Court entered an order reminding Plaintiff that he was due to respond by April 13 and failure to respond could be grounds for granting the motions. D.E. 57.

Finally, on March 27, 2026, the Court received from Plaintiff a "Motion for Withdrawal." It states:

> Comes now Luis David Flecha Jr. with a motion for withdrawal. This motion is filed on two standings, due to the Plaintiff's inability to pay for the excessive amount of postage involved in this case, nor the plaintiff's ability to understand what is being asked of him pertaining to the constitutional violations against him and as such [he is] unable to represent himself in this matter. This being the case, the Plaintiff is forced to withdraw his claim at this time.

D.E. 59.

Given the context and contents of this "Motion for Withdrawal," the Court construes it as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Where, as here, Defendants have already responded to the Complaint and there is no stipulation of dismissal signed by all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The Court sees no just reason to deny Plaintiff's request to terminate these proceedings. The Court is not aware of any interest of Defendants or any third party that would be harmed by dismissal. *See Pedreira v. Sunrise Children's Servs., Inc.*, 79 F.4th 741, 749 (6th Cir. 2023). If the Court is misconstruing Plaintiff's intentions, he will have an opportunity to correct the record by filing any appropriate objections to this Recommended Disposition. Defendants are also free to object, as well.

2

The final question is whether the dismissal should be with or without prejudice. This question is answered by balancing several factors: (1) the defendants' effort and expense in litigation; (2) excessive delay or lack of diligence from plaintiffs; (3) insufficient explanation for the dismissal request; and (4) whether the defendants moved for summary judgment. *Est. of Chubb v. Daimler Trucks N. Am. LLC*, 850 F. App'x 358, 361 (6th Cir. 2021) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). Here, Defendants have expended effort and expense in litigation and motions for summary judgment have been filed. Further, Plaintiff has shown a lack of diligence in regard to his discovery obligations. These three factors weigh in favor of dismissal with prejudice (to protect Defendants from the possibility of resumed litigation after the efforts already expended). As for the other factor, Plaintiff's explanation for the voluntary dismissal—essentially that he is ill-prepared to battle the summary-judgment motions—is sufficient. But this factor does not weigh heavily in either direction. Dismissal with prejudice is called for in this case. *See Brooks v. C.R. Bard, Inc.*, No. 5:19-CV-360-JMH-MAS, 2020 WL 7700094, at *2 (E.D. Ky. Dec. 28, 2020).

The undersigned hereby **RECOMMENDS THAT**:

(1)     Plaintiff Flecha's "Motion for Withdrawal," construed as a Rule 41(a)(2) motion for voluntary dismissal (D.E. 59) be **GRANTED**.

(2)     The remaining pending motions (D.E. 49, 54, 56, 58) be **DENIED AS MOOT**.

(3)     This matter be **DISMISSED** with prejudice.

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy

3

of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 30th day of March, 2026.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**